UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA,

      v.                            1:06-CR-494-DNH

MARK DESNOYERS,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                         OF COUNSEL:

HON. ANDREW T. BAXTER            CRAIG A. BENEDICT, ESQ.,
Office of the United States Attorney     Assistant United States Attorney
Attorneys for the United States of America  COLIN L. BLACK, ESQ.,
100 South Clinton Street              United States Department of Justice
Syracuse, New York 13261-7198

DREYER BOYAJIAN LLP             WILLIAM J. DREYER, ESQ.
Attorneys for Defendant            JOHN B. CASEY, ESQ.
75 Columbia Street
Albany, New York 12210

HON. DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

      Defendant Mark Desnoyers ("defendant") moved pursuant to Federal Rule of

Criminal Procedure 29(c) for a judgment of acquittal for each of the charges he was

convicted of after a jury trial.  On June 19, 2009, defendant's motion was granted in part and

denied in part. (See Order, Dkt. No. 192.)  The United States ("the Government") now moves

for reconsideration of the prior order to the extent defendant's motion for acquittal of Count

One of the Third Superseding Indictment ("the indictment") was granted.  The parties'

submissions were considered without oral argument.

## II. **BACKGROUND**

In Count One, the defendant was convicted on September 18, 2008, of, *inter alia*, conspiracy to violate the Clean Air Act and to commit mail fraud.  Count One of the indictment included a multi-objective conspiracy, alleging that defendant conspired with others to violate:

> a) the Clean Air Act, 42 U.S.C. § 7412(b) and (h) and 7413(c)(1), related to asbestos renovation and demolition activities involving the notification, stripping, bagging, removal and disposal, performed contrary to asbestos regulations, 40 C.F.R. §§ 61.145; 61.150 and 61.154;

> b) the mail fraud statute, 18 U.S.C. § 1341, related to a scheme and artifice with intent to defraud clients and to obtain money and property by means of false and fraudulent pretenses, representations and promises, furthered by the causing of mail matter to be sent by United States Postal Service or by private or commercial interstate carrier (hereafter "mail") including of bids and other documents containing fraudulent promises to perform asbestos abatement in compliance with federal and state regulations, air monitoring cassettes sent to laboratories to produce fraudulent results, reports containing false and fraudulent air monitoring and sample analysis, false and fraudulent waste manifests, and invoices seeking payment for work that was not performed as required by law and as promised.

(Third Superseding Indictment, Dkt. No. 79, ¶ 12.)  Count One also accused defendant of furthering the conspiracy by falsely representing his compliance with federal and state laws governing asbestos removal during the course of eight individual asbestos abatement projects. (Id. at ¶ 13.)  These projects were identified in Count One as: (1) the Alexander Residence; (2) the Menustik Residence; (3) Citizens Bank; (4) the Town of Mooers Public Library; (5) the Kerr Residence; (6) the Owens Residence; (7) a non-residential building at 69

Clinton Street in Plattsburgh, New York (hereinafter "69 Clinton Street"); and (8) the Page Residence.[1] (Id. at ¶¶ 21-38.)

### III.  MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing Doe v. new York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir.), cert. denied, 464 U.S. 864 (1983)).  According to the Government, reconsideration is warranted because the decision to vacate defendant's conviction under Count One constituted a clear error of law.

Defendant's motion was granted as to Count One because of the substantial evidence admitted at trial relevant to the unproven objective of the multi-objective conspiracy charged.  The Government concedes that seven of the eight abatement projects identified in Count One were not subject to the Clean Air Act and relevant only to the mail fraud conspiracy objective.  A conviction for a multi-objective conspiracy will normally be upheld so long as there was sufficient evidence at trial to prove the defendant agreed to accomplish at least one of the criminal objectives. United States v. Bilzerian, 926 F.2d 1285, 1302 (2d Cir. 1991) (citing United States v. Papadakis, 510 F.2d 287, 297 (2d Cir.), cert. denied, 421 U.S. 950, 95 S. Ct. 1682 (1975)).  However, an exception to this rule was created for when "an

---

[1] Although the indictment includes the Former Plattsburgh Air Force Base Building #38 among the abatement projects, (see Indictment, ¶¶ 19-20), this project was removed subsequent to the guilty pleas of defendant's co-defendants, John Wood and Curtis Collins.

overwhelming amount of evidence relevant only to the unproved part of the conspiracy may have prejudiced the jury." Papadakis, 510 F.2d at 297.

The Government now argues that Papadakis cannot serve as a basis for overturning defendant's conviction under Count One because the evidence presented to the jury was relevant to both objectives of the multi-objective conspiracy.  Indeed, Papadakis was first cited by the Government in support of its opposition to defendant's Rule 29 motion for acquittal.  However, Papadakis ultimately cut against the Government's argument because the Second Circuit warned of the risk of prejudice resulting from a substantial amount of evidence admitted only to prove an unproven objective of a conspiracy.  See id. at 297.

As a preliminary matter, the Government has not shown that it was a clear error of law to determine that there was a substantial amount of evidence at trial relevant only to the Clean Air Act objective of the conspiracy.  Notwithstanding that *some* of the evidence was undoubtedly applicable to both objectives of the conspiracy, an overlap between some of the proof in support of the two criminal objectives does not necessarily indicate that an overwhelming amount of *other* evidence relevant only to the Clean Air Act objective was not introduced at trial.  Although defendant's use of the mail to misrepresent his work to clients was pertinent to the mail fraud objective irrespective of whether the Clean Air Act applied to a given project, the Government repeatedly made arguments as to defendant's non-compliance with federal asbestos removal regulations for projects that were not subject to the Clean Air Act.  Evidence of defendant's non-compliance was not limited to his representations made to customers through the mail; rather, there was an abundance of evidence related to work practices that were never the subject of defendant's mailings to customers.

- 4 -

Adding to the risk of unfair prejudice was the presentation of the Government's case.  Throughout the trial, the Government communicated to the jury that the Clean Air Act applied to all eight of the projects identified in Count One.  For example, the Government presented a chart to the jury during its opening statement and closing argument with the title, "INDIVIDUAL PROJECTS," and the subtitle, "CAA VIOLATIONS, AIDING AND ABETTING AND MAIL FRAUD."  (See Government's Am. Mot. for Recons., Dkt. No. 194, 6.)  Included below the subtitle was a description of each of the eight projects identified in Count One without any mention of the fact that only the 69 Clinton Street project was subject to the Clean Air Act. (See id. at 6-7.)  Further, as explained in the prior order, (see Order, Dkt. No. 192, 8) the Government misled the jury when it stated the following during its closing argument:

> Ladies and gentlemen, we have alleged in count one a Clean Air Act and a mail fraud conspiracy.  Now, in this particular case, there are Clean Air Act violations, overt acts.  There are mail fraud overt acts. And the fact of the matter is, if you find a conspiracy, and you only need find one overt act having been committed. Each of the projects list multiple overt acts, and you need only find one.

(Government's Closing Argument, Trial Tr. for Sept. 18, 2009.)  Notably, the Government did not address this statement within its motion for reconsideration.  In any event, this communication falsely informed the jury that both objectives of the conspiracy charged in Count One apply to each of the projects.

Even assuming for purposes of the Government's motion that there was a complete overlap in the evidence between the two objectives of the conspiracy charged in Count One, the decision to vacate defendant's conviction under Count One is supported by controlling precedent decided after Papadakis.  In Griffin v. United States, the Supreme Court considered whether "a general guilty verdict on a multiple-object conspiracy charge must be

set aside if the evidence is inadequate to support conviction as to one of the objects." 502

U.S. 46, 47, 112 S. Ct. 466, 468 (1991).  In that case, the jury was instructed to return a guilty

verdict so long as it determined the defendant participated in either of the two objectives of

the conspiracy.  Id. at 48, 112 S. Ct. at 468.  Following her conviction, the defendant argued

that the verdict should have been set aside because, as the prosecution conceded, there was

insufficient proof as to one of the objectives of the conspiracy charge.  Id.  The Court upheld

the conviction because of the distinction between challenges to convictions based upon

evidentiary deficiencies and challenges brought due to legal deficiencies. Id. at 59, 112 S. Ct.

at 474.  As the Court explained,

> Jurors are not generally equipped to determine whether a particular theory of
> conviction submitted to them is contrary to law–whether, for example, the action
> in question is protected by the Constitution, is time barred, or fails to come within
> the statutory definition of the crime.  When, therefore, jurors have been left the
> option of relying upon a legally inadequate theory, there is no reason to think that
> their own intelligence and expertise will save them from that error.  Quite the
> opposite is true, however, when they have been left the option of relying upon a
> factually inadequate theory, since jurors *are* well equipped to analyze evidence.

Id. (emphasis in original) (citing Duncan v. Louisiana, 391 U.S. 145, 157, 88 S. Ct. 1444,

1451, 20 L. Ed. 2d 491 (1968)).  The Second Circuit further explained the holding in Griffin: "If

the challenge is evidentiary, as long as there was sufficient evidence to support one of the

theories presented, then the verdict should be affirmed.  However, if the challenge is legal

and any one of the theories was legally insufficient, then the verdict must be reversed." United

States v. Garcia, 992 F.2d 409, 416 (2d Cir. 1993).

        The relevant issue is therefore whether the multi-objective conspiracy charged in

Count One suffers from either a legal or evidentiary deficiency.  The Griffin Court explained

that a legal challenge asks whether evidence introduced at trial, irrespective of the weight

afforded such evidence, surmounted to overt acts in furtherance of the particular criminal objective. <u>Griffin</u>, 502 U.S. at 55, n.1, 112 S. Ct. at 472.  In contrast, an evidentiary challenge requires consideration of whether a reasonable fact finder could have determined the evidence sufficient to return a guilty verdict.  <u>Id</u>. at 59, 112 S. Ct. at 474.

Here, the Clean Air Act objective within Count One suffered from a substantial legal defect because of the inapplicability of the Act's regulatory standards.  Even if the evidence, viewed in the light most favorable to the Government, was sufficient to show that the Clean Air Act applied to the 69 Clinton Street project, it remains undisputed that it was legally impossible for defendant to conspire to violate the Clean Air Act with respect to the remaining seven projects identified in Count One.  The decision to include both objectives of the conspiracy under a single count, in conjunction with the Government's failure to expressly differentiate between which abatement projects were subject to the Clean Air Act, required the jury to perform the exact task warned against in <u>Griffin</u>, i.e., "to determine whether a particular theory of conviction submitted to them [was] contrary to law–whether, for example, the action in question . . . fails to come within the statutory definition of the crime." <u>Griffin</u>, 502 U.S. at 59, 112 S. Ct. at 474.   The end result was that there were seven instances in which the jury had to consider a legally impossible theory of guilt.  Defendant's conviction under Count One may very well have been based upon any one of these seven legally impossible theories.  Accordingly, the weight of the evidence admitted at trial is irrelevant, and defendant's conviction cannot stand.

All of the Government's remaining arguments have also been considered and are without merit.

- 7 -

## IV. <u>CONCLUSION</u>

The decision to grant defendant's motion for acquittal as to Count One of the indictment was not a clear error of law because of the risk of unfair prejudice as a result of the overwhelming evidence relevant only to the unproven objective of the conspiracy. Alternatively, even assuming that all of the evidence admitted in support of the Clean Air Act objective was also relevant for the mail fraud objective, defendant's conviction must be set aside pursuant to the holding in <u>Griffin</u>.  The Government's decision to charge the two objectives under the same count within the indictment required the jury to engage in the difficult task of navigating between legally sufficient and legally impossible theories of guilt. Adding to the difficulty was the Government's statements to the jury at trial, all of which left the impression that the Clean Air Act objective applied equally to all of the abatement projects identified in Count One.  The Government's argument that there was sufficient evidence to show that the Clean Air Act applied to the 69 Clinton Street project is misplaced because the jury nonetheless could have returned a guilty verdict for Count One only after incorrectly concluding that defendant committed the legally impossible crime of conspiring to violate the Clean Air Act as to any of the seven other abatement projects.

Accordingly, it is

ORDERED that

(1)  The Government's motion for reconsideration is GRANTED; and

(2)  Upon reconsideration, the Government's request to reinstate defendant's

conviction under Count One of the indictment is DENIED.

IT IS SO ORDERED.

_____

United States District Judge

Dated: September 14, 2009
        Utica, New York